**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPENCER PETERSON, III, | No. 12-16295 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01132-BAM |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:      RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Spencer Peterson, III, appeals pro se from the district court's summary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in his employment action alleging race discrimination and retaliation in violation of federal and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Peterson's racial discrimination claims under Title VII and California's Fair Employment and Housing Act ("FEHA") because Peterson failed to raise a genuine dispute of material fact as to whether defendants' legitimate, non-discriminatory reasons for failing to promote him were pretextual. *See id.* at 640-42 & n.5 (discussing elements of a discrimination claim under Title VII and explaining that circumstantial evidence of pretext must be specific and substantial); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA.").

The district court properly granted summary judgment on Peterson's retaliation claims because Peterson failed to raise a genuine dispute of material fact as to whether there was a causal link between his protected activity and the alleged adverse employment action. *See Vasquez*, 349 F.3d at 646 (elements of a prima facie case of retaliation under Title VII); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (employer's knowledge of protected

activity necessary for causation).

Peterson's contention concerning whether a promotion delay or denial constitutes an adverse employment action is unavailing.

**AFFIRMED.**